UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY EUGENE WATKINS,

    Petitioner,                            Civil No. 2:10-CV-13199
                                            HONORABLE ARTHUR J. TARNOW
v.                                         UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

    Respondent,
_____/

## OPINION AND ORDER DENYING AS MOOT THE MOTION FOR EQUITABLE TOLLING, HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, AND ADMINISTRATIVELY CLOSING THE CASE.

Gary Eugene Watkins,("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a "motion for equitable tolling to allow petitioner's *pro se* petition for writ of habeas corpus to proceed timely." Petitioner has also requested that his habeas petition be held in abeyance so that he can initiate post-conviction proceedings in the state court to exhaust claims prior to filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. Although petitioner does not specify the convictions that he wishes to challenge in his motion, petitioner was convicted in the Washtenaw County Circuit Court of assault with intent to commit murder, M.C.L.A. 750.83; second-degree murder, M.C.L.A. 750.317; and two counts of felony-firearm, M.C.L.A. 750.227b. [1] For the reasons stated below, the motion for

---

[1] The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004). Although petitioner has not actually filed a separate habeas application with his motion for equitable tolling and his request for a stay, the Court

1

equitable tolling is denied as moot. The Court further holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice.

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Washtenaw County Circuit Court. Petitioner's direct appeals with the Michigan courts ended on May 27, 2009, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Watkins,* 483 Mich. 1016 (2009).

Petitioner's motion for equitable tolling, his brief in support of equitable tolling, and his affidavit were signed and dated July 28, 2010. [2]

---

construes his pleadings as a petition for writ of habeas corpus, because he lists the claims that he wishes to raise in his post-conviction proceedings. Petitioner has also made it clear that upon the completion of his state post-conviction proceedings, he will seek habeas relief on the claims raised with the state courts. The pleadings of *pro se* habeas petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). The appropriate liberal construction of a *pro se* habeas petition requires active interpretation in some cases to construe a *pro se* petition to encompass any allegation which may state a ground for federal relief. *See Franklin v. Rose,* 765 F. 2d 82, 84-85 (6th Cir. 1985). Federal courts may ignore the legal label that a *pro se* litigant attaches to a pleading and recharacterize the pleading or motion and place it within a different legal category, in order to avoid inappropriately stringent application of formal labeling requirements. *See Castro v. United States,* 540 U.S. 375, 381 (2003).

[2]  Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations

## II. Discussion

Petitioner initially requests this Court to equitably toll the limitations period because he believes that he only had one year from the time that the Michigan Supreme Court denied his application for leave to appeal on May 27, 2009 to timely file his habeas petition with this Court.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme

---

period. *Id.* Because petitioner's pleadings were signed and dated July 28, 2010, this Court assumes that this was the date that petitioner actually filed his habeas application with this Court.

Court denied leave to appeal on May 27, 2009. Petitioner's conviction, however, became final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final not on May 27, 2009, but on August 25, 2009, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Petitioner has until August 25, 2010, and not May 27, 2010, as he believes, to file his habeas application in conformance with the AEDPA's statute of limitations.

Petitioner filed his pleadings with this Court on July 28, 2010. In light of the fact that the petition was timely filed, any equitable tolling arguments raised by petitioner in his motion for equitable tolling are now moot. *See e.g. Scott v. Collins,* 286 F. 3d 923, 931 (6th Cir. 2002).

The Court will hold petitioner's application for habeas relief in abeyance while he pursues post-conviction relief in the state courts.

To stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). .

The Court will hold petitioner's habeas application in abeyance while he returns to the state courts to exhaust his claims. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the AEDPA's one year statute of limitations. A common circumstance calling for abating a habeas petition arises when the original

4

petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner apparently did here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F. 3d at 419; *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Washtenaw County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the

prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust his claims. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

**IT IS ORDERED** that the motion for equitable tolling is **DENIED AS MOOT.**

It is **FURTHER ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending the petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition using the same caption and case number within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related

6

docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: August 20, 2010


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 20, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary