UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY EUGENE WATKINS,

    Petitioner,                    Civil No. 2:10-CV-13199
                                         HONORABLE ARTHUR J. TARNOW
v.                                       UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

    Respondent,
_____/

**OPINION AND ORDER GRANTING A STAY OF THE WRIT OF HABEAS CORPUS PENDING APPEAL AND REFERRING THE MATTER TO PRETRIAL SERVICES FOR AN INVESTIGATION AND BOND RECOMMENDATION**

This matter is before the Court on respondent's motion for a stay pending the appeal of the Court's decision to grant habeas relief and petitioner's motion for bond pending appeal. The motion to stay is GRANTED. The Court takes petitioner's motion for bond under advisement and refers the matter to Pretrial Services for an investigation and recommendation in relation to the appropriate conditions for Petitioner's release.

    1.  <u>The motion for stay pending appeal</u>.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v.*

1

*Watkins v. Haas,* 2:10-CV-13199

*Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.
>
> *Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to grant a stay, a federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton,* 481 U.S. at 777.

Although this Court disagrees with respondent's claim that he made a strong showing that he is likely to succeed on the merits of the case on appeal, the Court grants respondent a stay pending appeal;"[i]t would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals,

2

*Watkins v. Haas,* 2:10-CV-13199

while simultaneously requiring the State to grant relief to Petitioner." *Williams v. Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); *rev'd on other grds,* 454 Fed. Appx. 475 (6th Cir. 2012). Accordingly, the the motion for stay pending appeal is GRANTED.

    2. The motion for bond pending appeal.

The Court takes petitioner's motion for bond under advisement and refers the matter to Pretrial Services for an investigation and recommendation in relation to the appropriate conditions for petitioner's release. *See e.g. Newman v. Metrish,* 300 Fed. Appx. 342, 343-44 (6th Cir. 2008).

## ORDER

Respondent's Motion for a Stay Pending Appeal [Dkt. # 22] is GRANTED.

Petitioner's Motion for Bond [Dkt. # 27] is taken under advisement. The matter is referred to Pretrial Services for an investigation and recommendation in relation to the appropriate conditions for Petitioner's release.

                      S/Arthur J. Tarnow
                      Arthur J. Tarnow
                      Senior United States District Judge

Dated: January 6, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 6, 2016, by electronic and/or ordinary mail.

                      S/Catherine A. Pickles
                      Judicial Assistant