UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY EUGENE WATKINS,

    Petitioner,

v.

RANDALL HAAS,

    Respondent,

_____/

Civil No. 2:10-CV-13199
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION

Gary Eugene Watkins,("Petitioner"), currently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, through his attorneys James C. Thomas and Phillip D. Comorski. This Court granted petitioner a writ of habeas corpus, finding that he had been denied the effective assistance of trial counsel. *Watkins v. Haas*, 143 F. Supp. 3d 632, 634 (E.D. Mich. 2015). The Sixth Circuit reversed this Court's decision. *Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017). Petitioner has filed a petition for writ of certiorari which remains pending in the United States Supreme Court. *Watkins v. Deangelo-Kipp*, No. 16-1385 (U.S.). Pending before the Court is petitioner's *pro se* motion for reconsideration, in which he seeks to be released on bond. For the reasons that follow, the motion is DENIED.

1

*Watkins v. Deangelo-Kipp,* No. 10-cv-13199

The Court denies petitioner's motion for several reasons.

First, a habeas petitioner who is represented by counsel is not entitled to consideration of any *pro se* motions that he or she files on his or her behalf. *See Jones v. Bradshaw*, 138 F. Supp. 3d 921, 923 (N.D. Ohio 2015). A habeas petitioner is not entitled to "proceed by means of hybrid representation" in his or her case. *Id.* (*citing United States v. Mosely*, 810 F.2d 93, 97 (6th Cir.1987)). Petitioner is represented by competent counsel, therefore, any motions on his behalf should be filed by his attorneys.

Secondly, petitioner is not entitled to a bond pending appeal because the Sixth Circuit reversed this Court's decision to grant habeas relief.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776. The factors regulating the issuance of a stay are:

2

*Watkins v. Deangelo-Kipp,* No. 10-cv-13199

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to release a successful petitioner on bail pending the appeal of the order granting relief to a habeas petitioner, federal courts are not restricted to consider only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the petitioner, the interest of the habeas petitioner in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton v. Braunskill*, 481 U.S. at 777.  The state's interest in continuing custody and rehabilitation of the habeas petitioner pending a final determination of the case on appeal will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served. *Id.*  The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-778.  The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may

3

*Watkins v. Deangelo-Kipp,* No. 10-cv-13199

depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman v. Tate*, 958 F. 2d at 166.

Although this Court still believes that it was correct to grant habeas relief, the Sixth Circuit felt otherwise and reversed this Court's decision. The Sixth Circuit vacated this Court's decision to grant habeas relief; there is no longer a "presumption of release from custody" nor is the case under review by the Sixth Circuit. Petitioner is thus not entitled to a bond pending appellate review of his case. *See Nash v. Eberlin*, 437 F.3d 519, 526 (6th Cir. 2006).

## ORDER

Respondent's Motion for Reconsideration [Dkt. # 33] is DENIED.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 24, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 24, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant