UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY EUGENE WATKINS,

    Petitioner,

v.

JODI DEANGELO-KIPP,

    Respondent,

Civil No. 2:10-CV-13199
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

_____/

## OPINION AND ORDER ON REMAND SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

This Court granted petitioner a writ of habeas corpus, finding that he had been denied the effective assistance of trial counsel because petitioner's attorney failed to seek an additional mental competency examination when petitioner continued to manifest psychotic behavior. The Sixth Circuit reversed this Court's decision and remanded the case to this Court to adjudicate the remaining issues.

For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED pursuant to 28 U.S.C. § 2244(d).

### I. Background

Petitioner was convicted of second-degree murder, assault with intent to commit murder, and two counts of felony-firearm following a jury trial in the Washtenaw County Circuit Court.

1

Direct review of petitioner's conviction ended in the Michigan courts on May 27, 2009, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Watkins,* 483 Mich. 1016, 765 N.W. 2d 320 (2009).

On May 27, 2010, petitioner filed his first post-conviction motion for relief from judgment with the state trial court.

While petitioner's motion for relief from judgment was pending in the trial court, petitioner filed a *pro se* motion for equitable tolling, a brief in support of equitable tolling, and an affidavit with this Court on July 28, 2010. [1] Petitioner within his brief indicated that he wished to return to the state courts to exhaust the following claims in his post-conviction motion: (1) petitioner is entitled to re-sentencing due to the fact that inaccurate information was used to evaluate the offense variables of the sentencing guidelines, (2) petitioner is entitled to re-sentencing because his sentence was based on inaccurate information, (3) petitioner was denied his right to the effective assistance of trial counsel because trial counsel failed to investigate and present a defense and appellate counsel was ineffective for failing to raise meritorious issues, and (4) prosecutorial misconduct. (ECF No. 1, PageID. 11).

---

[1] Under the prison mailbox rule, the Court deemed these pleadings filed on July 28, 2010, the date that they were signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

2

The motion for equitable tolling was denied as moot, because, as mentioned in greater detail below, the judgment of conviction became final not on May 27, 2009, the date that the Michigan Supreme Court denied petitioner leave to appeal, but on August 25, 2009, when petitioner failed to file a petition for writ of certiorari with the U.S. Supreme Court. Petitioner had until August 25, 2010, and not May 27, 2010, as he believed, to file his habeas application in conformance with the AEDPA's statute of limitations. Because petitioner's application had been filed on July 28, 2010, the petition was timely filed, thus, any equitable tolling arguments were moot. *Watkins v. McKee*, No. 2:10–CV–13199, 2010 WL 3324979, at *2 (E.D. Mich. Aug. 20, 2010).  The Court further held the petition in abeyance so that petitioner could return to the state courts and exhaust additional claims. *Id.*, at * 2–3.

Petitioner's post-conviction motion for relief from judgment was denied. *People v. Watkins*, No. 06-70-FC (Washtenaw Cty. Cir.Ct., Oct. 28, 2010); *reconsideration den*. No. 06-70-FC (Washtenaw Cty. Cir.Ct., Dec. 28, 2010).

Petitioner filed a second motion for relief from judgment, which was also denied. *People v. Watkins*, No. 06-70-FC (Washtenaw Cty. Cir.Ct., June 11, 2013). The Michigan appellate courts denied petitioner leave to appeal. *People v. Watkins*, No. 318199 (Mich.Ct.App. Oct. 28, 2013); *lv. den.* 495 Mich. 1006, 846 N.W.2d 563 (2014).

On July 25, 2014, petitioner, through counsel, filed a supplemental petition for writ of habeas corpus, raising the following claims:

3

> I. Defense trial counsel was constitutionally ineffective in failing at trial to challenge Watkins's competency to stand trial, in view of his bizarre behavior.
>
> II. Defense trial counsel was constitutionally ineffective in failing to request a jury instruction on imperfect self-defense reducing second-degree murder to voluntary manslaughter, and in failing to request a jury instruction that Watkins had no duty to retreat from the enclosed porch at Watkins's residence before using deadly force in self-defense.
>
> III. Where a flawed jury form did not provide an opportunity for a general verdict of not guilty, Watkins was deprived of his constitutional right to a jury trial.
>
> IV. The trial court denied Watkins his constitutional right to self-representation when it refused his request for self-representation and foreclosed any further discussion of the issue by telling Watkins that he could only be represented by the attorney he sought to have removed previously.
>
> V. Watkins was denied counsel was defense counsel informed the court before trial that there was a breakdown in the attorney/client relationship, due to the fact that defense counsel had no idea what witnesses to call, claiming ongoing communication problems between him and Watkins.
>
> VI. The court violated Watkins's constitutional righto a trial by a fair and impartial jury by allowing a juror to serve, even after the juror informed the court that she personally knew Watkins from college, and Watkins was denied his right to the effective assistance of counsel at trial where counsel failed to remove this juror from the jury.

This Court reopened the petition to the Court's active docket, amended the caption, and permitted petitioner to file an amended habeas petition. The Court directed respondent to file an answer to the amended petition. *Watkins v. Romanowski*, No. 2:10–CV–13199, 2014 WL 3894370 (E.D. Mich. Aug. 7, 2014).

4

This Court granted habeas relief to petitioner on his first claim, finding that he was denied the effective assistance of trial counsel when his attorney failed to request an additional or independent evaluation as to petitioner's mental competency to stand trial after petitioner continued to exhibit signs of mental illness and an inability to understand the proceedings. *Watkins v. Haas*, 143 F. Supp. 3d 632, 633–34 (E.D. Mich. 2015).  In so ruling, this Court rejected respondent's argument that the amended habeas petition was time-barred under the AEDPA's one year statute of limitations for two reasons. First, the Court found that petitioner's ineffective assistance of trial counsel claim related back to the ineffective assistance of trial and appellate counsel claims that petitioner raised in his initial timely filed petition. *Watkins v. Haas,* 143 F. Supp. 3d at 640. Secondly, assuming that the amended petition was untimely, this Court concluded that the statute of limitations should be equitably tolled based on petitioner's lengthy history of serious mental illnesses. *Id.*  The Court concluded that petitioner was entitled to habeas relief on his first claim because trial counsel was ineffective for failing to seek an additional psychiatric evaluation to determine petitioner's competency to stand trial, in light of his manifestations of psychotic behavior at trial. *Id.* at 640-43.  This Court declined to address petitioner's remaining claims. *Id.* at 644.

The Sixth Circuit Court of Appeals reversed the grant, finding that petitioner's amended petition was untimely because petitioner was unable to establish that his amended petition related back to his original petition or that he

5

was entitled to equitable tolling of the limitations period. *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 847 (6th Cir. 2017). The Sixth Circuit first noted that the parties "do not dispute that Watkins' supplemental habeas petition was filed after the expiration of the statute of limitations." *Id.,* at 849. The Sixth Circuit ruled that petitioner's claim that trial counsel was ineffective for failing to request an additional competency evaluation which he raised in his amended petition did not relate back to the ineffective assistance of counsel claims raised in the initial petition because this claim did not share a common core of operative facts with the claims raised in the first petition. *Id.,* at 850-51. The Sixth Circuit further held that petitioner was not entitled to equitable tolling of the limitations period based on his alleged mental incompetency because petitioner's mental illness did not equate with mental incompetency, that petitioner failed to present any evidence that he was mentally incompetent during the limitations period, and that petitioner failed to show that any alleged mental incompetency caused his untimely filing in light of the fact that petitioner was able to file various motions in the state courts even though he was suffering from mental illness. *Id.* at 851-52. The Sixth Circuit reversed this Court's decision to grant habeas relief on petitioner's first claim and remanded the matter to this Court "to determine the timeliness—and if timely, the merits—of Watkins' remaining claims consistent with the analysis we have employed in this opinion." *Id.*

The United States Supreme Court denied the petition for writ of certiorari on October 2, 2017. *Watkins v. DeAngelo-Kipp*, 138 S. Ct. 101 (2017).

6

This Court reopened the case to the Court's active docket and gave the parties time to file supplemental briefs, which neither side chose to do. (ECF No. 40). The case is now ripe for adjudication.

## II. Discussion

Respondent argues that all of the claims contained in petitioner's amended petition are barred by the one year statute of limitations. (ECF No. 14, PageID. 229-38).

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on May 27, 2009, following the affirmance of his conviction by the Michigan Court of Appeals on direct review. Petitioner's conviction became final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on August 25, 2009, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001). Petitioner had until August 25, 2010 to file his habeas petition in compliance with the one year limitations period unless the limitations period was tolled.

Petitioner filed his post-conviction motion for relief from judgment on May 27, 2010, after 274 days had elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003). Petitioner had ninety one days remaining under the statute of limitations.

Petitioner filed his original petition with this Court on July 28, 2010, which was within the one year limitation period. Petitioner, however, did not file his

amended petition until July 25, 2014, which the parties agree was beyond the one year limitations period, which expired on August 25, 2010.

When a habeas petitioner files an original petition within the one-year deadline, and later presents new claims in an amended petition that is filed after the deadline passes, the new claims will relate back to the date of the original petition only if the new claims share a "common core of operative facts" with the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Although this Court believed that petitioner's ineffective assistance of trial counsel claim involving trial counsel's failure to seek an additional competency evaluation related back to the ineffective assistance of counsel claims that petitioner raised in his initial timely filed petition, the Sixth Circuit did not agree. The Sixth Circuit concluded that petitioner's ineffective assistance of counsel claim that he raised in his amended petition did not share a common core of facts with the claims raised by petitioner in his initial petition:

> As an initial matter, Watkins' original petition does not raise any facts supporting the underlying ineffective assistance of counsel claim. The only portion of the petition relating to ineffective assistance of counsel reads as follows: "Defendant was denied his state and federal constitutional right to effective assistance of trial counsel, by counsels [sic] failure to investigate and raise a defense, and also ineffective assistance of appellate, by counsel [sic] failure to raise meritorios [sic] issues, and failure to perfect a competent appeal." Original Habeas Petition 11, ECF No. 1, Page ID 11. It says nothing of counsel's failure to request another psychiatric evaluation. It alleges only that trial counsel failed "to investigate and raise a defense." *Id.* Counsel's conduct in investigating before trial and presenting a defense to the jury during trial is a distinct "episode" from counsel's conduct in not requesting that the judge order a fifth psychiatric evaluation during trial. To read the original petition's language more expansively would

9

> contravene the Supreme Court's warning against construing "conduct, transaction, or occurrence" so broadly as to render meaningless AEDPA's statute of limitations. *See Mayle*, 545 U.S. at 662–64, 125 S.Ct. 2562. Watkins' amended petition, therefore, does not relate back to the original petition.

*Watkins v. Deangelo-Kipp*, 854 F.3d at 850–51.

Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996). The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F. 2d 1038, 1039 (6th Cir. 1984). "Under the doctrine of law of the case, findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The law of the case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010); *See also In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002)("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case.")(internal quotation marks and citations omitted).

This Court is constrained by the Sixth Circuit's somewhat restrictive language regarding the *Mayle* case to find that none of petitioner's remaining claims that he raised in his amended habeas petition relate back to the

10

ineffective assistance of counsel or sentencing claims that he raised in his initial petition.

Under the rationale employed by the Sixth Circuit, petitioner's claims that he raised for the first time in his amended habeas petition do not share a "common core of operative facts" with the ineffective assistance of counsel or sentencing claims that he raised in his initial petition. Petitioner's jury verdict form and self-representation claims certainly do not relate back to the claims that petitioner raised in his initial petition. Petitioner's other ineffective assistance of trial counsel claims that he raised in his amended petition suffer the same fate that his first ineffective assistance of counsel claim involving the failure to seek an additional competency evaluation faced, namely, that petitioner in his original habeas petition did not allege that he was denied the effective assistance of counsel because counsel failed to request certain jury instructions, that there had been a breakdown in the relationship between counsel, that a biased juror sat on the jury, or that trial counsel was ineffective for failing to move to remove this juror. Under the Sixth Circuit's somewhat restrictive analysis, which this Court is required to follow, both by the law of the case doctrine and the Sixth Circuit's explicit directive in its remand order, this Court is constrained to find that none of petitioner's remaining claims are timely because they do not share a common core of operative facts with the claims raised in the original petition and are thus barred by the one year limitations period. *See Pinchon v. Myers,* 615 F.3d 631, 643 (6th Cir. 2010).

11

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id*.

This Court in its original opinion and order granting habeas relief, discussed in great detail petitioner's extensive and well-documented history of serious mental illness as well as his psychotic behavior during the pre-trial period and at trial. *Watkins v. Haas*, 143 F. Supp. 3d at 634-637. This Court concluded that petitioner was entitled to equitable tolling because of this history of mental incapacity. *Id.,* at 640. The Sixth Circuit disagreed with this Court's determination and concluded that petitioner's mental illness did not provide a basis for equitable tolling because petitioner failed to show that his mental illness prevented him from timely filing his habeas petition. *Watkins v. Deangelo-Kipp*, 854 F.3d at 851-52. As with the relation back issue, this Court under the law of the case doctrine is constrained to follow the Sixth Circuit's ruling. Petitioner is not entitled to equitable tolling on this basis.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner's claim that he acted in self-defense amounts to a claim of legal innocence, as opposed to factual innocence, and would therefore not toll the limitations period. *See e.g. Harvey v. Jones,* 179 F. App'x. 294, 298-99 (6th Cir. 2006)(collecting cases). Because petitioner has presented no new evidence that he is factually innocent of these charges, he is not entitled to tolling of the limitations period.

### III.  CONCLUSION

The Court summarily DENIES the petition for writ of habeas corpus with prejudice.

The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that petitioner filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that:

(1) the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be granted leave to appeal *in forma pauperis.*

                 s/Arthur J. Tarnow
                 **HON. ARTHUR J. TARNOW**
**Dated: June 19, 2020**    UNITED STATES DISTRICT JUDGE