UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY EUGENE WATKINS,

    Petitioner,

v.

RANDALL HAAS,

    Respondent,

_____/

Civil No. 2:10-CV-13199
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

### OPINION AND ORDER (1) GRANTING IN PART THE MOTION FOR RECONSIDERATION (ECF No. 45), (2) DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, AND (3) REQUIRING SUPPLEMENTAL BRIEFS FROM THE PARTIES AND SETTING DEADLINES

Before the Court is petitioner's motion for reconsideration. For the reasons that follow, the motion is GRANTED IN PART. The Clerk of the Court shall reopen the case to the Court's active docket. The parties are directed to file supplemental briefs within the time allotted below.

This Court granted petitioner a writ of habeas corpus, finding that he had been denied the effective assistance of trial counsel. *Watkins v. Haas*, 143 F. Supp. 3d 632, 634 (E.D. Mich. 2015). The Sixth Circuit reversed this Court's decision and remanded the case to this Court to adjudicate the remaining issues. *Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017); *cert. Den.* 138 S. Ct. 101 (2017).

On remand, the Court reopened the case to the Court's active docket and set deadlines for the parties to file supplemental briefs. (ECF No. 40).  The parties did not file supplemental briefs within the time period allotted to do so.

This Court determined that the case was ripe for adjudication and proceeded to review the pleadings already filed and the state court record. On June 19, 2020, this Court summarily dismissed the case with prejudice, pursuant to the one year statute of limitations contained in 28 U.S.C. § 2244(d). *Watkins v. DeAngelo-Kipp*, No. 2:10-CV-13199, 2020 WL 3402025 (E.D. Mich. June 19, 2020).

Petitioner's counsel has now filed a motion for reconsideration.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999 (*citing* L.R. 7.1(g)(3)).  A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner's counsel argues in his motion for reconsideration that this Court prematurely adjudicated the remaining issues in the petition.  Petitioner's counsel appears to argue that there was some confusion regarding when to file a

2

supplemental brief because he had sent a letter to this Court suggesting that a status conference and evidentiary hearing be set prior to the filing of any briefs. Petitioner's counsel also points to the ongoing health crisis caused by the Coronavirus pandemic and its effect on the operations of this Court. Chief Judge Denise Page Hood, in fact, issued Administrative Order 20-AO-021, which gives district judges flexibility in setting deadlines. Petitioner's counsel also argues that this Court failed to consider certain evidence that had previously been submitted by counsel regarding petitioner's mental health status when determining that petitioner's remaining claims were barred by the statute of limitations. Counsel finally requests a status conference.

The Court will grant the motion for reconsideration in part. The language in the Court's order on remand setting deadlines for supplemental briefs made it optional for the parties to file supplemental briefs. This may have confused petitioner's counsel over when to file a supplemental brief. Counsel may also have been confused after sending letters to the Court that a status conference would be conducted before supplemental pleadings would be ordered. Lastly, the unique circumstances of the Coronavirus pandemic have understandably caused delays in the filing of pleadings by various litigants. Accordingly, the Court will reopen the case the Court's active docket and will require the parties to file supplemental briefs.

Federal courts have the power to order that a habeas petition be reinstated when necessary to adjudicate further issues. *See e.g. Rodriguez v. Jones*, 625

F.Supp.2d 552, 559 (E.D.Mich.2009).  The Court will order that the original habeas petition be reopened on the Court's active docket to direct the parties to file supplemental pleadings.

The Court will further order the parties to file supplemental pleadings. Petitioner shall file a supplemental brief and any supporting documentation within **sixty days** of this order.  Respondent has **thirty days** from the time that petitioner files his supplemental brief to file a supplemental answer.  Petitioner may file a reply brief, if he wishes, within **thirty days** of the supplemental answer.

Once the parties have submitted their supplemental briefs, the Court will adjudicate the remaining issues in this case.  The Court will consider whether it is necessary to have a status conference or an evidentiary hearing after receiving the supplemental briefs.

The Court at this time will deny the motion for reconsideration regarding the Court's alleged failure to review the evidence of petitioner's mental history without prejudice to petitioner advancing any arguments or evidence in support of any equitable tolling arguments.

s/Arthur J. Tarnow<br>
**HONORABLE ARTHUR J. TARNOW**<br>
**UNITED STATES DISTRICT JUDGE**

**Date: August 26, 2020**