**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY EUGENE WATKINS,

  Petitioner,     Civil No. 2:10-CV-13199
            HONORABLE ARTHUR J. TARNOW
v.          UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

  Respondent,
_____/

## OPINION AND ORDER ON REMAND AND ON RECONSIDERATION SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit.  In his petition, filed through attorneys James C. Thomas and Phillip D. Comorski, petitioner challenges his convictions for second-degree murder, M.C.L.A. 750.317; assault with intent to commit murder, M.C.L.A. 750.83; and two counts of felony-firearm, M.C.L.A. 750.227b.   For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED pursuant to 28 U.S.C. § 2244(d).

### I. Background

Petitioner was convicted of second-degree murder, assault with intent to commit murder, and two counts of felony-firearm following a jury trial in the Washtenaw County Circuit Court.

1

While direct review of petitioner's case was pending in the state courts, petitioner filed a petition for writ of habeas corpus, challenging his convictions. The petition was dismissed without prejudice because petitioner failed to pay the filing fee or file an application to proceed *in forma pauperis* and also because he failed to submit a habeas petition on an approved court form. *Watkins v. McKee,* No. 08-CV-14507 (E.D. Mich. Jan. 14, 2009)(Rosen, J.).

Direct review of petitioner's conviction ended in the Michigan courts on May 27, 2009, when the Michigan Supreme Court denied Petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Watkins,* 483 Mich. 1016, 765 N.W. 2d 320 (2009).

On May 27, 2010, Petitioner filed his first post-conviction motion for relief from judgment with the state trial court.

While Petitioner's motion for relief from judgment was pending in the trial court, petitioner filed a *pro se* motion for equitable tolling, a brief in support of equitable tolling, and an affidavit with this Court on July 28, 2010. [1] Petitioner in his brief indicated that he wished to return to the state courts to exhaust the following claims in his post-conviction motion: (1) petitioner is entitled to re-sentencing due to the fact that inaccurate information was used to evaluate the offense variables of the sentencing guidelines, (2) petitioner is entitled to re-

---

[1] Under the prison mailbox rule, the Court deemed these pleadings filed on July 28, 2010, the date that they were signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

sentencing because his sentence was based on inaccurate information, (3) petitioner was denied his right to the effective assistance of trial counsel because trial counsel failed to investigate and present a defense and appellate counsel was ineffective for failing to raise meritorious issues, and (4) prosecutorial misconduct. (ECF No. 1, PageID. 11).

The motion for equitable tolling was denied as moot, because the judgment of conviction became final not on May 27, 2009, the date that the Michigan Supreme Court denied petitioner leave to appeal, but on August 25, 2009, when petitioner failed to file a petition for writ of certiorari with the U.S. Supreme Court.  Petitioner had until August 25, 2010, and not May 27, 2010, as he believed, to file his habeas application in conformance with the AEDPA's statute of limitations.  Petitioner's application had been filed on July 28, 2010.  The petition was timely filed, thus, any equitable tolling arguments were moot. *Watkins v. McKee*, No. 2:10–CV–13199, 2010 WL 3324979, at * 2 (E.D.Mich. Aug. 20, 2010).  The petition was held in abeyance so that Petitioner could return to the state courts and exhaust additional claims. *Id.*, at * 2–3.

Petitioner's post-conviction motion for relief from judgment was denied. *People v. Watkins*, No. 06-70-FC (Washtenaw Cty. Cir.Ct., Oct. 28, 2010); *reconsideration den*. No. 06-70-FC (Washtenaw Cty. Cir.Ct., Dec. 28, 2010).

Petitioner filed a second motion for relief from judgment, which was also denied. *People v. Watkins*, No. 06-70-FC (Washtenaw Cty. Cir.Ct., June 11, 2013).  The Michigan appellate courts denied leave to appeal. *People v. Watkins*,

3

No. 318199 (Mich.Ct.App. Oct. 28, 2013); *lv. den.* 495 Mich. 1006, 846 N.W.2d 563 (2014).

On July 25, 2014, Petitioner, through counsel, filed a supplemental petition for writ of habeas corpus, raising the following claims:

I. Defense trial counsel was constitutionally ineffective in failing at trial to challenge Watkins's competency to stand trial, in view of his bizarre behavior.

II. Defense trial counsel was constitutionally ineffective in failing to request a jury instruction on imperfect self-defense reducing second-degree murder to voluntary manslaughter, and in failing to request a jury instruction that Watkins had no duty to retreat from the enclosed porch at Watkins's residence before using deadly force in self-defense.

III. Where a flawed jury form did not provide an opportunity for a general verdict of not guilty, Watkins was deprived of his constitutional right to a jury trial.

IV. The trial court denied Watkins his constitutional right to self-representation when it refused his request for self-representation and foreclosed any further discussion of the issue by telling Watkins that he could only be represented by the attorney he sought to have removed previously.

V. Watkins was denied counsel was defense counsel informed the court before trial that there was a breakdown in the attorney/client relationship, due to the fact that defense counsel had no idea what witnesses to call, claiming ongoing communication problems between him and Watkins.

VI. The court violated Watkins's constitutional right to a trial by a fair and impartial jury by allowing a juror to serve, even after the juror informed the court that she personally knew Watkins from college, and Watkins was denied his right to the effective assistance of counsel at trial where counsel failed to remove this juror from the jury.

This Court reopened the petition to the Court's active docket, amended the
caption, and permitted Petitioner to file an amended habeas petition.  The Court
directed respondent to file an answer to the amended petition. *Watkins v.
Romanowski*, No. 2:10–CV–13199, 2014 WL 3894370 (E.D. Mich. Aug. 7, 2014).

This Court granted habeas relief to Petitioner on his first claim, finding that
he was denied the effective assistance of trial counsel when his attorney failed to
request an additional or independent evaluation as to Petitioner's mental
competency to stand trial after Petitioner continued to exhibit signs of mental
illness and an inability to understand the proceedings. *Watkins v. Haas*, 143 F.
Supp. 3d 632, 633–34 (E.D. Mich. 2015).  In so ruling, this Court rejected
respondent's argument that the amended habeas petition was time-barred under
the AEDPA's one year statute of limitations for two reasons.  First, the Court
found that Petitioner's ineffective assistance of trial counsel claim related back to
the ineffective assistance of trial and appellate counsel claims that Petitioner
raised in his initial timely filed petition. *Watkins v. Haas,* 143 F. Supp. 3d at 640.
Secondly, assuming that the amended petition was untimely, this Court
concluded that the statute of limitations should be equitably tolled based on
Petitioner's lengthy history of serious mental illnesses. *Id.*  The Court ruled that
Petitioner was entitled to habeas relief on his first claim because trial counsel
was ineffective for failing to seek an additional psychiatric evaluation to
determine Petitioner's competency to stand trial, in light of his manifestations of

5

psychotic behavior at trial. *Id.* at 640-43.  This Court declined to address Petitioner's remaining claims. *Id.* at 644.

The Sixth Circuit Court of Appeals reversed the grant, holding that the amended petition was untimely because Petitioner was unable to establish that his amended petition related back to his original petition or that he was entitled to equitable tolling of the limitations period. *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 847 (6th Cir. 2017).  The Sixth Circuit first noted that the parties "do not dispute that Watkins' supplemental habeas petition was filed after the expiration of the statute of limitations." *Id.,* at 849.  The Sixth Circuit ruled that Petitioner's claim that trial counsel was ineffective for failing to request an additional competency evaluation which he raised in his amended petition did not relate back to the ineffective assistance of counsel claims raised in the initial petition because this claim did not share a common core of operative facts with the claims raised in the first petition. *Id.,* at 850-51.  The Sixth Circuit further held that Petitioner was not entitled to equitable tolling of the limitations period based on his alleged mental incompetency because Petitioner's mental illness did not equate with mental incompetency, that Petitioner failed to present any evidence that he was mentally incompetent during the limitations period, and that Petitioner failed to show that any alleged mental incompetency caused his untimely filing in light of the fact that he was able to file various motions in the state courts even though he was suffering from mental illness. *Id.* at 851-52.  The Sixth Circuit reversed this Court's decision to grant habeas relief on Petitioner's

6

first claim and remanded the matter to this Court "to determine the timeliness—

and if timely, the merits—of Watkins' remaining claims consistent with the

analysis we have employed in this opinion." *Id.*

The United States Supreme Court denied the petition for writ of certiorari

on October 2, 2017. *Watkins v. DeAngelo-Kipp*, 138 S. Ct. 101 (2017).

This Court reopened the case to the Court's active docket and gave the

parties time to file supplemental briefs. (ECF No. 40).  The parties did not file

supplemental briefs within the time period allotted to do so.

This Court determined that the case was ripe for adjudication and

proceeded to review the pleadings already filed and the state court record.  On

June 19, 2020, this Court summarily dismissed the case with prejudice, pursuant

to the one year statute of limitations contained in 28 U.S.C. § 2244(d). *Watkins v.

DeAngelo-Kipp*, No. 2:10-CV-13199, 2020 WL 3402025 (E.D. Mich. June 19,

2020).

Petitioner's counsel subsequently moved for reconsideration, which this

Court granted in part.  Petitioner's counsel argued that this Court prematurely

adjudicated the remaining issues in the petition.  Petitioner's counsel argued that

there was some confusion regarding when to file a supplemental brief because

he had sent a letter to this Court suggesting that a status conference and

evidentiary hearing be set prior to the filing of any briefs.  Petitioner's counsel

pointed to the ongoing health crisis caused by the Coronavirus pandemic and its

effect on the operations of this Court.  Petitioner's counsel also argued that this

7

Court failed to consider certain evidence that had previously been submitted by counsel regarding Petitioner's mental health status when determining that Petitioner's remaining claims were barred by the statute of limitations.

This Court granted the motion in part and gave the parties time to file supplemental briefs. (ECF No. 47).  Petitioner has now filed a supplemental brief (ECF No. 48) and respondent filed a supplemental answer. (ECF No. 49).

The case is now ripe for adjudication.

## II. Discussion

Respondent argues that all of the claims contained in Petitioner's amended petition are barred by the one year statute of limitations. (ECF No. 14, PageID. 229-38, ECF No. 49, PageID. 1606-11).

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

8

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied him leave to appeal on May 27, 2009, following the affirmance of his conviction by the Michigan Court of Appeals on direct review. Petitioner's conviction became final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on August 25, 2009, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001). Petitioner had until August 25, 2010 to file his habeas petition in compliance with the one year limitations period unless the limitations period was tolled.

Petitioner filed his post-conviction motion for relief from judgment on May 27, 2010, after 274 days had elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute.

*See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003).  Petitioner

had ninety one days remaining under the statute of limitations.

Petitioner in his supplemental brief argues that the current petition, filed in

2010, and the claims in his amended petition, which was filed on July 25, 2014,

should relate back to the initial petition that Petitioner filed with the federal court

in 2008 and which was dismissed without prejudice by Judge Gerald E. Rosen.

(ECF No. 48, PageID. 1590-91).

The Court cannot accept Petitioner's argument.  Every circuit that has

considered the matter has held that a new habeas petition cannot relate back to

a prior habeas petition that was dismissed because that prior case was no longer

pending when the subsequent petition was filed. *White v. Dingle*, 616 F.3d 844,

847 (8th Cir. 2010)(amended habeas petition could not relate back to date of

original petition that was dismissed without prejudice because it contained claims

that were not fully exhausted in state court); *Tucker v. Kingsto*n, 538 F. 3d 732,

734 (7th Cir. 2008)(second petition for writ of habeas corpus would not be treated

as amendment to first habeas petition, for statute of limitations purposes, since

first petition was no longer pending when proposed amendments were offered,

so there was nothing to amend when second petition was filed); *Rasberry v.*

*Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006)("the relation back doctrine does not

apply where the previous habeas petition was dismissed because there is

nothing to which the new petition could relate back"); *Neverson v. Bissonnette*,

261 F.3d 120, 126 (1st Cir. 2001)(Rule governing relation back of amendments

10

did not apply to petition for writ of habeas corpus dismissed without prejudice by district court, and thus state inmate's subsequent petition did not "relate back" to earlier petition for limitations purposes, since dismissal left petitioner in same situation as if his first petition had never been filed); *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir.2000)("[T]he 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000)("We therefore join with all the circuit courts which have addressed this issue, and hold that a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to the earlier petition."); *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000)(holding that an untimely § 2254 petition cannot relate back to a previously filed petition that was dismissed without prejudice).  Petitioner's current petition, filed in 2010, and his amended habeas petition, filed in 2014, cannot relate back to the 2008 habeas petition, for purposes of the statute of limitations.

Petitioner filed the original petition in this case with this Court on July 28, 2010, which was within the one year limitation period.  Petitioner, however, did not file his amended petition until July 25, 2014, which the parties agree was beyond the one year limitations period, which expired on August 25, 2010.

When a habeas petitioner files an original petition within the one-year deadline, and later presents new claims in an amended petition that is filed after the deadline passes, the new claims will relate back to the date of the original

petition only if the new claims share a "common core of operative facts" with the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Although this Court again reiterates, as it did in the prior dismissal order, that it believes that Petitioner's ineffective assistance of trial counsel claim involving trial counsel's failure to seek an additional competency evaluation related back to the ineffective assistance of counsel claims that Petitioner raised in his initial timely filed petition, the Sixth Circuit did not agree.  The Sixth Circuit concluded that Petitioner's ineffective assistance of counsel claim that he raised in his amended petition did not share a common core of facts with the claims raised by Petitioner in his initial petition:

> As an initial matter, Watkins' original petition does not raise any facts supporting the underlying ineffective assistance of counsel claim. The only portion of the petition relating to ineffective assistance of counsel reads as follows: "Defendant was denied his state and federal constitutional right to effective assistance of trial counsel, by counsels [sic] failure to investigate and raise a defense, and also ineffective assistance of appellate, by counsel [sic] failure to raise meritorios [sic] issues, and failure to perfect a competent appeal." Original Habeas Petition 11, ECF No. 1, Page ID 11. It says nothing of counsel's failure to request another psychiatric evaluation. It alleges only that trial counsel failed "to investigate and raise a defense." *Id.* Counsel's conduct in investigating before trial and presenting a defense to the jury during trial is a distinct "episode" from counsel's conduct in not requesting that the judge order a fifth psychiatric evaluation during trial. To read the original petition's language more expansively would contravene the Supreme Court's warning against construing "conduct, transaction, or occurrence" so broadly as to render meaningless AEDPA's statute of limitations. *See Mayle*, 545 U.S. at 662–64, 125 S.Ct. 2562. Watkins' amended petition, therefore, does not relate back to the original petition.
>
> *Watkins v. Deangelo-Kipp*, 854 F.3d at 850–51.

Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996).  The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F. 2d 1038, 1039 (6th Cir. 1984).  "Under the doctrine of law of the case, findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).  The law of the case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010); *See also In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002)("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case.")(internal quotation marks and citations omitted).

This Court is once again constrained by the Sixth Circuit's somewhat restrictive language regarding the *Mayle* case to find that none of Petitioner's remaining claims that he raised in his amended habeas petition relate back to the ineffective assistance of counsel claims that he raised in his 2010 petition.

Under the rationale employed by the Sixth Circuit, Petitioner's claims that he raised for the first time in his amended habeas petition do not share a "common core of operative facts" with the ineffective assistance of counsel claims that he raised his initial petition.  Petitioner's jury verdict form and self-

13

representation claims certainly do not relate back to the claims that Petitioner raised in his 2010 petition.  Petitioner's other ineffective assistance of trial counsel claims that he raised in his amended petition likewise suffer the same fate that his first ineffective assistance of counsel claim involving the failure to seek an additional competency evaluation faced, namely, that Petitioner in his original habeas petition did not allege that he was denied the effective assistance of counsel because counsel failed to request certain jury instructions, that there had been a breakdown in the relationship between counsel, that a biased juror sat on the jury, or that trial counsel was ineffective for failing to move to remove this juror.  Under the Sixth Circuit's somewhat restrictive analysis, which this Court is bound to follow, both by the law of the case doctrine and the Sixth Circuit's explicit directive, this Court is constrained to find that none of Petitioner's remaining claims are timely because they do not share a common core of operative facts with the claims raised in the original petition and are thus barred by the one year limitations period. *See Pinchon v. Myers,* 615 F.3d 631, 643 (6th Cir. 2010).

Petitioner's counsel in his supplemental brief argues that the ineffective assistance of counsel claims raised in the amended petition should relate back to the initial ineffective assistance of counsel claim raised in the 2010 petition because the claims merely augment or amplify the original ineffective assistance of counsel claim raised by Petitioner in the 2010 petition. (ECF No. 48, PageID. 1593-96).

14

The Sixth Circuit has permitted an amended claim to relate back to a claim filed in an earlier petition, "when a motion to amend under Rule 15(c) expands on the facts supporting a claim in the original petition." *Hill v. Mitchell*, 842 F.3d 910, 924 (6th Cir. 2016). A claim in an amended petition, however, does not relate back to a claim filed in an original petition when the claim in the original petition "was completely bereft of specific fact allegations or evidentiary support and was not tied to any particular theory of relief." *Id.*

Petitioner in his original petition filed in 2010 alleged that trial counsel was ineffective for failing to investigate or present a defense but did not support that claim with any factual allegations or evidentiary support or even connect it to any particular theory of relief. Petitioner certainly did not allege in his original petition that he was denied the effective assistance of counsel because counsel failed to request certain jury instructions, that there had been a breakdown in the relationship between counsel, that a biased juror sat on the jury, or that trial counsel was ineffective for failing to move to remove this juror. The Sixth Circuit, in reversing this Court, apparently employed the same rationale in concluding that Petitioner's claim involving counsel's ineffectiveness in failing to seek a fifth competency evaluation did not relate back to his claim that trial counsel was ineffective for failing to investigate or present a defense. The Sixth Circuit specifically noted that Petitioner's original petition did "not raise any facts supporting the underlying ineffective assistance of counsel claim." *Watkins v. Deangelo-Kipp*, 854 F.3d at 850.

Based on the Sixth Circuit's holding in *Hill* and the Sixth Circuit's similarly restrictive language in this case, this Court is constrained to rule that none of Petitioner's claims contained in his amended petition relate back to the ineffective assistance of counsel claim that he raised in his 2010 petition.

Finally, although Petitioner did raise a biased juror claim in his 2008 petition, as mentioned above, Petitioner's current petition cannot relate back to his 2008 petition because that petition was dismissed without prejudice before the current petition was filed.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010).  The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id*.

Petitioner in his motion for reconsideration and in his supplemental brief again urges this Court to equitably toll the limitations period based on Petitioner's extensive history of well documented mental illness. (ECF No. 45, PageID. 1545-46, ECF No. 48, PageID. 1597).

16

This Court in its original opinion and order granting habeas relief, discussed in great detail Petitioner's extensive and well-documented history of serious mental illness as well as his psychotic behavior during the pre-trial period and at trial. *Watkins v. Haas*, 143 F. Supp. 3d at 634-637.  This Court concluded that Petitioner was entitled to equitable tolling because of this history of mental incapacity. *Id.,* at 640.  The Sixth Circuit disagreed with this Court's determination and ruled that Petitioner's mental illness did not provide a basis for equitable tolling because Petitioner failed to show that his mental illness prevented him from timely filing his habeas petition. *Watkins v. Deangelo-Kipp*, 854 F.3d at 851-52.  As with the relation back issue, this Court under the law of the case doctrine is constrained to follow the Sixth Circuit's ruling.  Petitioner is not entitled to equitable tolling on this basis.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.*  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329).  For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be

17

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner's claim that he acted in self-defense amounts to a claim of legal innocence, as opposed to factual innocence, and would therefore not toll the limitations period. *See e.g. Harvey v. Jones,* 179 F. App'x. 294, 298-99 (6th Cir. 2006)(collecting cases). Because Petitioner has presented no new evidence that he is factually innocent of these charges, he is not entitled to tolling of the limitations period.

## III.  CONCLUSION

The Court summarily DENIES the petition for writ of habeas corpus with prejudice.

The Court will, however, grant a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas petition on procedural grounds without reaching

18

the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

In order to obtain a certificate of appealability, a habeas petitioner need not show that his or her appeal will succeed. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). The Supreme Court's holding in *Slack v. McDaniel* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.* A habeas petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition for habeas corpus. *Id.* at 338. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail". *Id.*

As this Court has previously indicated: "[T]he Court's ego tells it that all reasonable jurists would agree with its resolution of the issues raised by Petitioner. The Court's experience, however, is to the contrary. Thus, the

19

Court's belief in the correctness of its decision should not insulate that decision from further review." *Hargrave v. McKee,* 2005 WL 1028183, * 1 (E.D. Mich. April 25, 2005)(citing *Taylor v. Howes*, 26 F. App'x 397, 399 (6th Cir. 2001)). "[B]ecause the Court is not infallible and does not believe that its decision should be insulated from further review," *Id.,* a certificate of appealability shall issue in this case.

This Court also believes that the Sixth Circuit should reconsider its decision in this case and in *Hill* and its progeny which, in this Court's opinion, employ a far too restrictive standard in determining whether a claim in an amended petition relates back to a claim that was filed in an original petition, particularly if that petition was filed *pro se* by a petitioner with a history of mental illness like Petitioner.  The Sixth Circuit should also address the argument raised by Petitioner in his supplemental brief, namely, whether the current petition should relate back to his previously dismissed 2008 petition.  Lastly, in light of the extensive history of Petitioner's mental illness, jurists of reason could disagree over whether the limitations period should be equitably tolled on this basis.

Petitioner is also granted leave to proceed on appeal *in forma pauperis*, as any appeal would not be frivolous.  A court may grant *in forma pauperis status* if the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).  Because this Court granted a certificate of appealability, any appeal would be undertaken in good faith; Petitioner is thus granted leave to appeal *in*

*forma pauperis*. *See Brown v. United States,* 187 F. Supp. 2d 887, 893 (E.D.

Mich. 2002).

## IV.  ORDER

**IT IS ORDERED** that:

(1) the petition for a writ of habeas corpus on remand is **DENIED WITH PREJUDICE** .

(2) **IT IS FURTHER ORDERED** That a certificate of appealability is **GRANTED.**

(3) Petitioner will be **GRANTED** leave to appeal *in forma pauperis*.

 s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
**UNITED STATES DISTRICT JUDGE**

**Dated: September 1, 2021**